# McKool Smith

| | | |
|---|---|---|
| Robin Cohen<br>Direct Dial:  (212) 402-9801<br>rcohen@McKoolSmith.com | One Bryant Park<br>47th Floor<br>New York, NY 10036 | Telephone: (212) 402-9400<br>Facsimile: (212) 402-9444 |

June 28, 2016

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

      RE:    *The Putnam Advisory Company, LLC v. ACE American Insurance Company*,
              Civil Action No. 1:16-cv-03969-GHW

Dear Judge Woods:

      We are counsel for Plaintiff The Putnam Advisory Company, LLC ("Putnam") in this insurance coverage action.  Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, Putnam respectfully submits this request for a pre-motion conference on Plaintiff's proposed motion for summary judgment pursuant to Fed R. Civ. P. 56.[1]  Putnam's proposed motion would address the claims against Ace American Insurance Company ("ACE") for declaratory judgment and breach of contract arising out of ACE's failure to pay certain of Putnam's defense costs under the terms of an insurance policy (the "Policy").  Summary judgment is warranted because there is no genuine issue of material fact and this matter is readily resolvable as a matter of law based solely on the applicable policy, the underlying pleadings, and the case law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

      Putnam commenced this action against ACE for its refusal to pay defense costs incurred by Putnam in responding to three subpoenas that the Commonwealth of Massachusetts Securities Division ("MSD") served on Putnam (the "MSD Subpoenas") as part of the MSD's investigation into Putnam's role as a collateral manager of several collateralized debt offerings ("CDOs").  After Putnam responded to the MSD Subpoenas by producing documents and giving sworn testimony, the MSD filed an administrative complaint against Putnam (the "MSD Complaint") regarding the CDOs, which was eventually settled.  Although ACE has taken the position that both the MSD Subpoenas and the MSD Complaint are interrelated with a previous civil action filed against Putnam also arising out of the CDOs, and ACE has acknowledged coverage for, and paid Putnam's defense costs in defending against the MSD Complaint, ACE has wrongfully

---

[1] ACE failed to respond to Putnam's Complaint on June 17, 2016, and thereafter requested an extension of time which Putnam agreed to and this Court so-ordered, which has also caused a delay in the scheduling of the initial pretrial conference.  Putnam is prepared to immediately file the summary judgment motion to expeditiously deal with the sole issue in this case concerning payment of certain defense costs, and therefore respectfully requests that, if possible, the issue of whether Putnam will be permitted to file such a motion be addressed in advance of the July 26 conference, or otherwise be included as part of the initial pretrial conference.

**McKool Smith**
**A Professional Corporation • Attorneys**

**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Silicon Valley  |  Washington, DC**

June 28, 2016
Page 2

denied coverage for and refused to pay Putnam's defense costs incurred in responding to the MSD Subpoenas. ACE contends that those costs are not covered because the MSD Subpoenas do not constitute a "Claim" for a "Wrongful Act" as defined by the Policy. ACE's contention is incorrect as a matter of law, and ACE is required under the Policy to pay Putnam's defense costs in connection with the MSD Subpoenas.

> **I.      The MSD Subpoenas Constitute a "Claim" Under the Policy**

The Policy defines "Claim" both to include "written demands for monetary damages, or non-monetary or other relief," as well as "a formal administrative or regulatory adjudication or *investigative proceeding* commenced by the filing of a notice of charge, formal investigative order, Wells Notice *or similar document*." The MSD Subpoenas satisfy both definitions.

First, the MSD Subpoenas are "written demands for . . . . non-monetary or other relief" by virtue of the MSD Subpoenas seeking documents and sworn testimony from Putnam. Courts around the country agree. For example, in *Syracuse University v. National Union Fire Insurance Company of Pittsburgh, PA*, No. 2012EF63, 2013 WL 3357812, at *2 (N.Y. Sup. Ct. Mar. 7, 2013), *aff'd,* 112 A.D.3d 1379 (N.Y. App. Div. 2013), a case that involved the question of whether grand jury subpoenas "constitute[d] a 'written demand. . . for non-monetary relief'" such that they were covered as a "claim," the court held that "non-monetary relief" includes the relief sought by a subpoena, *i.e.* the production of documents or testimony. *Id.* (citations omitted); s*ee also Protection Strategies, Inc. v. Starr Indemnity & Liability Co.*, No. 1:13-CV-00763, 2013 U.S. Dist. LEXIS 187451 (E.D. Va. Sept. 10, 2013) (subpoena issued from NASA Office of the Inspector General qualified as "Claim" because it was a written demand for non-monetary relief); *Minuteman Int'l, Inc. v. Great American Ins. Co*., No. 03 C 6067, 2004 U.S. Dist. LEXIS 4660 (N.D. Ill. Mar. 22, 2004) (SEC subpoena constituted "Claim" defined as "a written demand for monetary or non-monetary relief"). Accordingly, the MSD Subpoenas meet the definition of a "Claim" for "non-monetary or other relief," and Putnam is entitled to summary judgment that ACE must pay its defense costs incurred in connection with complying with those subpoenas.

Second, the MSD Subpoenas also constitute "a formal administrative or regulatory adjudication or *investigative proceeding* commenced by the filing of a notice of charge, formal investigative order, Wells Notice *or similar document*" because they were served pursuant to Mass. General Law Chapter 110A, Section 407(b), which authorized the MSD to commence an "investigation or proceedings" against Putnam. Moreover, the MSD Subpoenas were served under docket numbers that the MSD had already opened under captions that specifically named Putnam as the target of the MSD proceedings, *i.e.*, "*In the Matter of Putnam Advisory Co., LLC* (Pyxis ABS CO 2006-1)," Docket No.: 2011-0035, and "*In the Matter of Putnam Advisory Co., LLC* (Pyxis ABS CDO 2007-1)," Docket No.: 2011-0036. When the MSD filed its Complaint, it did so on the same docket – and with the same docket number – that it had previously opened with the MSD Subpoenas.

This situation is no different than the one in *ACE American Insurance Co. v. Ascend One Corp.*, 570 F. Supp. 2d 789 (D. Md. 2008), where ACE faced a similar demand for defense costs under the same definition of "Claim," improperly denied coverage, and was then held by the court to have breached the policy. In *Ascend*, ACE's policy defined "Claim" as "[a] civil,

June 28, 2016
Page 3

administrative or regulatory investigation against any Insured commenced by the filing of a notice of charges, investigative order or similar document." *Id*. at 793. The Maryland Attorney General issued a subpoena captioned "In Re: [Insured]" and sought documents relating to the insured's operations. *Id*. at 791. The court held that "it is evident from the face of the Subpoena . . . that these documents were issued pursuant to an *administrative investigation of [insured] for Wrongful Acts*" because the caption of the subpoena "indicates that [insured] is indeed *the focus of an inquiry for violation* of the Maryland Consumer Protection Act." *Id*. at 797 (emphasis added). Further, the court held that "[t]he extent and specificity of the Subpoena . . . indicate that the documents were issued to *serve the function of an investigation order*" and "[is], or at the very least [is] equivalent to, the filing of an investigative order." *Id*. at 798. Accordingly, ACE was aware prior to the filing of this lawsuit that it had no basis under the plain meaning of the term "Claim" to deny coverage for the MSD Subpoenas. Under this definition of "Claim," Putnam is likewise entitled to summary judgment that the MSD Subpoenas are a "Claim" for which ACE is obligated to pay Putnam's defense costs.

## II. The MSD Subpoenas Also Constitute a Claim for a "Wrongful Act"

ACE has also refused to pay Putnam's defense costs for the MSD Subpoenas on the ground that even if the MSD Subpoenas were "Claims," they do not involve a "Claim for a Wrongful Act." However, the Policy defines "Wrongful Act" as "any actual or *alleged* error, misstatement, misleading statement, act, omission, neglect or breach of duty by the Insureds in their capacity as such." Here, the MSD Subpoenas were issued as part of the MSD's investigation into whether Putnam had violated certain securities laws. Mass. General Law Chapter 110A, Section 407(a). After responding to the MSD Subpoenas by producing documents and giving sworn testimony, the MSD then sharpened their general inquiry into alleged wrongful acts to four specific counts against Putnam for violations of the Massachusetts Securities Act that were included in the MSD Complaint. Accordingly, Putnam is entitled to summary judgment that the MSD Subpoenas constitute a "Claim for a Wrongful Act" which is covered by the express terms of the Policy.

***

We are available at the Court's convenience to answer any questions about the proposed summary judgment motion and, if necessary, to discuss a briefing schedule. We thank the Court for its continued attention to this matter.

Respectfully submitted,

*/s/ Robin L. Cohen*

Robin L. Cohen

cc: All counsel of record (via ECF)