USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/2016

July 5, 2016

**By ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

**MEMORANDUM ENDORSED**

    Re:    *The Putnam Advisory Company, LLC v. ACE American Insurance Company*,
            1:16-cv-03969-GHW

Dear Judge Woods:

We write on behalf of Defendant ACE American Insurance Company ("ACE") to respond to Plaintiff's letter of June 28, 2016 requesting a pre-motion conference and permission to file a summary judgment motion. On June 29, 2016, Your Honor granted Plaintiff's request and advised that the pre-motion conference will be held during the initial pretrial conference previously scheduled for July 26, 2016. A motion for summary judgment would be premature and ACE respectfully requests that the Court deny Plaintiff's request for permission to file such a motion. ACE also requests that pursuant to Rule 2(C) of Your Honor's Individual Motion Practices, the Court schedule a pre-motion conference regarding ACE's proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) during the July 26, 2016 conference.

Plaintiff has sought coverage under Management Protection Insurance Policy No. DON G21644365 008 (the "Policy") for a number of matters relating to its role as a collateral manager of several collateralized debt offerings ("CDOs"). ACE has paid a significant amount of costs to Plaintiff under the Policy with respect to certain of those matters. The Complaint seeks coverage for additional costs incurred by Plaintiff in relation to investigative subpoenas served by the Commonwealth of Massachusetts Securities Division (the "MSD Subpoenas").

Insuring Clause I.B. of the Policy states in pertinent part that "… the Insurer shall pay on behalf of the Insured Adviser Loss which the Insured Adviser becomes legally obligated to pay by reason of any Claim first made against the Insured Adviser during the Policy Period … for any Wrongful Acts by the Insured Advisor…" The Policy defines "Claim" to include "a written demand for monetary damages, or non-monetary or other relief", and "a formal administrative or

regulatory adjudicatory or investigative proceeding commenced by the filing of a notice of charge, formal investigative order, Wells Notice or similar document" against an Insured. The Policy does not cover costs incurred in responding to the MSD Subpoenas for two reasons: (1) the MSD Subpoenas do not constitute a Claim under the Policy; and (2) even if the MSD Subpoenas were within the Policy's Claim definition, they are not a Claim for a Wrongful Act.

First, the MSD Subpoenas do not constitute a demand for "relief" for a "Wrongful Act" under the Claim definition of the Policy. Under applicable Massachusetts law, investigative subpoenas like the MSD Subpoenas do not constitute demands for relief within the meaning of a Claim. Center for Blood Research, Inc. v. Coregis Ins. Co., 2001 U.S. Dist. LEXIS 26589, *7. (D. Mass. Nov. 14, 2011), aff'd 305 F.3d 38 (1st Cir. 2002). As the federal District Court in Massachusetts explained in Coregis, the plain meaning of the word "relief" is "[t]he redress or benefit, esp. equitable in nature (such as an injunction or specific performance), that a party asks of a court." Id. On appeal, the First Circuit affirmed, finding that that "mere compliance with the subpoena simply is not relief." Coregis, 305 F.3d at 43. An investigative subpoena's demand for the production of documents does not seek relief in the context of the Claim definition because "[i]t does not depend on there having been a wrong that needs to be redressed or remedied", but rather to determine whether any wrongdoing has been committed. Coregis, at *8. The MSD Subpoenas do not constitute a demand for relief as they do not seek any kind of "relief" or impose liability, and sought only to aid the government in its investigation.[1]

In addition, the MSD Subpoenas are not "a notice of charge, formal investigative order, Wells Notice or similar document." Significantly, all of those documents serve the purpose of informing a party that a regulatory body is considering bringing an action against that party. For example, the Securities Exchange Commission ("SEC") defines a Wells Notice as a document which indicates that the SEC staff has determined it may bring a civil action against a person or firm, and provides the person or firm with the opportunity to respond.[2] In contrast, the MSD Subpoenas are general inquiries for information that did not advise that the MSD was considering bringing an action at that time. The MSD did not commence an action against Plaintiff until the MSD filed an Administrative Complaint, which ACE recognized as a Claim. See Office Depot, Inc. v. Nat'l Union Fire Ins. Co., 453 Fed. Appx. 871, 876 (11th Cir. 2011) (rejecting an SEC notice of inquiry as a claim where it did "not allege that violations have occurred", as opposed to a Wells Notice, despite being captioned "In the Matter of Office Depot, Inc.").

Even if the MSD Subpoenas met the definition of Claim, the Policy would not afford coverage because they would not be a Claim for a Wrongful Act as required by Insuring Clause I.B. Nowhere in the MSD Subpoenas are there any allegations of Wrongful Acts by an Insured or anyone else. Rather, like the subpoenas at issue in Coregis, the MSD Subpoenas are investigative subpoenas that merely sought information. Investigative subpoenas are tools used

---

[1] See also Diamond Glass Companies, Inc. v. Twin City Fire Ins. Co., 2008 U.S. Dist. LEXIS 86752 (S.D.N.Y. Aug. 18, 2008) ("Interpreting 'demand for non-monetary relief' to include any investigative subpoena would require Defendants to insure [the insured's] costs responding to any subpoena, notwithstanding the absence of any assertion of civil or criminal liability against [the insured] or any of its directors or officers. Such a result would be absurd.").
[2] See SEC Enforcement Manual at 19, available at https://www.sec.gov/divisions/enforce/enforcementmanual.pdf

by regulatory bodies to gather information to determine whether a Wrongful Act occurred, not to allege Wrongful Acts.  See In RSUI Indem. Co. v. Desai, 2014 U.S. Dist. LEXIS 122068, at *13 (M.D. Fla. Sept. 4, 2014) ("At best, the production of [the] documents and things enabled law enforcement to investigate whether a wrongful act had occurred.").  As Plaintiff acknowledged in its June 28, 2016 letter to the Court, the MSD Subpoenas represented a "general inquiry" which was later "sharpened" into an administrative complaint.  A general inquiry is not a Claim for Wrongful Acts under the Policy.  See Office Depot., Fed. Appx., at 876.  As the MSD Subpoenas make no reference to any potential wrongful acts, they do not trigger coverage under the policies.  See Emplr's. Fire Ins. Co. v. Promedica Health Sys., 524 Fed. Appx. 241, 249-250 (6th Cir. Ohio 2013) (finding that a "formal investigative order" could not be for a "Wrongful Act" where it fails to allege any wrongdoing).

Finally, any Motion for Summary Judgment would be premature at this stage.[3]  ACE will not file an answer until after its motion to dismiss is resolved.  If the Court denied ACE's motion to dismiss, ACE would be entitled to discovery regarding the MSD Subpoenas in order to respond to Plaintiff's contention that they constitute a Claim for a Wrongful Act.

For the reasons set forth above, ACE respectfully requests that this Court deny Plaintiff's request for permission to file a motion for summary judgment and grant ACE leave to file a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Thank you for your consideration of this matter.

Respectfully submitted,

Edward J. Kirk
Clyde & Co US LLP


Defendant's request for a pre-motion conference is granted.  The Court will hold a pre-motion conference to discuss Defendant's proposed motion to dismiss during the initial pretrial conference scheduled to take place on July 26, 2016 at 3:30 p.m.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 20.

SO ORDERED.

Dated: July 5, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge